IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03497-BNB

CLIFFORD DENNIS NICHOLAS,

       Plaintiff,

v.

BARBRA GOSSETT - Medical Administrator (LCF),
DR. KUCHER - LCF,
DENISE ASHUER - Nurse, (LCF),
MISS BRIGGS, Nurse, (LCF),
JANE DOE - Dietician (CDOC),
LT. JACKSON, Hearing Officer (LCF),
MRS. INFINITE, Investigator - (LCF),
SGT. KELLY, (LCF),
CAPT. SMITH, Shift Commander (LCF),
LT. LAWSON, (FCF),
LT. REICH, (FCF),
LT. BALDERSTON, Housing (FCF),
MISS ROBINO - Sgt. Housing (FCF),
MRS. BORNS - Sgt. Unit 2 (FCF),
MISS SIMONS, Case Manager (FCF),
MISS STRICKLETT, CO Unit 2 (FCF),
MISS HERRARA - Case Manager (KCCF),
MISS BERNIE, Sgt. Faith Pod (KCCF),
MR. MCCALUM, Case Manager (LCF), and
MR. GILLIS, Case Manager (LCF),

       Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Clifford Dennis Nicholas, is in the custody of the Colorado Department of

Corrections at the Limon Correctional Facility in Limon, Colorado.  He has filed, *pro se*,

a Prisoner Complaint (ECF No. 19) alleging deprivations of his constitutional rights

pursuant to 42 U.S.C. § 1983.  Mr. Nicholas has been granted leave to proceed without

prepayment of the filing fee pursuant to 28 U.S.C. § 1915.

The Court must construe the Complaint liberally because Mr. Nicholas is not

represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as

an advocate for *pro se* litigants.  *See Hall*, 935 F.2d at 1110.   The Court has reviewed

the complaint and has determined that it is deficient.  For the reasons discussed below,

Mr. Nicholas will be ordered to file an amended complaint.

In the Complaint, Mr. Nicholas asserts claims concerning his medical needs and

treatment, retaliation, and conditions of confinement.  He alleges that in 2003, he was

diagnosed with short bowel syndrome and prescribed "life-long" medical treatment,

including stress management, pain medication, exercise, and a special diet.  Mr.

Nicholas alleges that since 2003, medical staff at Limon Correctional Facility, Fremont

Correctional Facility, Sterling Correctional Facility, and Kit Carson Correctional Facility

have denied him adequate medical care.  Plaintiff further alleges that because of the

lack of medical treatment, his condition worsened, and on December 25, 2013, he was

diagnosed with inflammatory bowel disease.  Mr. Nicholas also contends that prison

officials have retaliated against him because he filed a § 1983 claim in 2011.[1]  In

support of his claims for retaliation, he asserts that prison officials have written false

disciplinary reports and have denied him access to the court and the administrative

grievance process.  Mr. Nicholas also complains about being placed in the restricted

---

[1]Mr. Nicholas filed a previous action in which he raised substantially similar claims.  *See* Case No. 11-cv-02642-LTB.  The prior action was dismissed without prejudice for failure to comply with the pleading requirements of Fed. R. Civ. P. 8 and the directives of the Court order for an amended complaint.  *See* ECF No. 18.

privilege program.  He seeks monetary damages and declaratory and injunctive relief.

The Court finds that the Complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate Rule 8.

The Complaint is prolix, vague, and unintelligible.  Moreover, Mr. Nicholas fails to set forth a short and plain statement of his claims showing that he is entitled to relief. The Complaint asserts six separate claims for relief and is a morass of confusing allegations that Mr. Nicholas apparently expects the Court and Defendants to piece together, which is neither the Defendants' responsibility nor a judicial function.  The general rule that *pro se* pleadings must be construed liberally has limits, and "the Court

3

cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Therefore, the Court directs Mr. Nicholas to file an amended complaint on the Court-approved form that complies with the pleading requirements of Rule 8.  In the amended complaint, Mr. Nicholas must allege, simply and concisely, his specific claims for relief.  He must not set forth any extended and unnecessary discussion of insignificant details.

Moreover, to state a claim in federal court, Mr. Nicholas "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).  Mr. Nicholas fails to allege specific facts to show the person participation of each named Defendant in a violation of his constitutional rights.  Personal participation is an essential element of a civil rights action.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham* , 473 U.S. 159, 166 (1985).  To establish personal participation, there must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  Furthermore, supervisors can only be held liable for their own deliberate intentional acts.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Serna v. Colo. Dep't of Corrections*, 455 F.3d 1146, 1151 (10th Cir. 2006) ("Supervisors are only liable under § 1983 for their own culpable involvement in the violation of a person's constitutional

4

rights."); *see also Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008) ("[Section] 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation.").   Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* at 1199.

Of the twenty named Defendants in the caption of the Complaint, Mr. Nicholas mentions only seven of them in the body of the Complaint.  Mr. Nicholas, therefore, will be directed to file an amended complaint on the Court-approved form that states his claims clearly and concisely, asserts what rights were violated, and alleges specific facts demonstrating the personal involvement of each named defendant in the asserted violations.

Finally, Mr. Nicholas is advised that Rule 10.1 of the Local Rules of Practice for this Court requires that all papers filed in cases in this Court be double-spaced and legible.  *See* D.C.COLO.LCivR 10.1(e), (g).  The amended complaint Mr. Nicholas will be directed to file, whether handwritten or typed, shall be double-spaced and legible, in capital and lower-case letters, in compliance with D.C.COLO.LCivR 10.1.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion.  *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992);  *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969).  The Court

5

finds that the complaint does not meet the requirements of Fed. R. Civ. P. 8.  Mr.

Nicholas will be given an opportunity to cure the deficiencies in his complaint by

submitting an amended complaint that states claims clearly and concisely in compliance

with Fed. R. Civ. P. 8, and alleges specific facts that demonstrate how each named

defendant personally participated in the asserted constitutional violations.  The Court

will not consider any claims raised in separate attachments, amendments, supplements,

motions, or other documents not included in the amended complaint.  Accordingly, it is

ORDERED that Plaintiff, Clifford D. Nicholas, file **within thirty (30) days from

the date of this order,** an amended complaint that complies with the directives in this

order.  It is

FURTHER ORDERED that Mr. Nicholas shall obtain the court-approved Prisoner

Complaint form (with the assistance of his case manager or facility's legal assistant),

along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Nicholas fails to file an amended complaint that

complies with this order to the Court's satisfaction within the time allowed, the Court

may dismiss some of the claims and defendants or the entire complaint and action

without further notice for the reasons discussed above.

DATED April 10, 2014, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge