IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03497-BNB

CLIFFORD DENNIS NICHOLAS,

    Plaintiff,

v.

BARBRA GOSSETT - Medical Administrator (LCF),
DR. KUCHER - LCF,
DENISE ASHUER - Nurse, (LCF),
MISS BRIGGS, Nurse, (LCF),
JANE DOE - Dietician (CDOC),
LT. JACKSON, Hearing Officer (LCF),
MRS. INFINITE, Investigator - (LCF),
SGT. KELLY, (LCF),
CAPT. SMITH, Shift Commander (LCF),
LT. LAWSON, (FCF),
LT. REICH, (FCF),
LT. BALDERSTON, Housing (FCF),
MISS ROBINO - Sgt. Housing (FCF),
MRS. BORNS - Sgt. Unit 2 (FCF),
MISS SIMONS, Case Manager (FCF),
MISS STRICKLETT, CO Unit 2 (FCF),
MISS HERRARA - Case Manager (KCCF),
MISS BERNIE, Sgt. Faith Pod (KCCF),
MR. MCCALUM, Case Manager (LCF), and
MR. GILLIS, Case Manager (LCF),

    Defendants.

---

ORDER OF DISMISSAL AND
DENIAL OF MOTION FOR PRELIMINARY INJUNCTION

---

    Plaintiff, Clifford Dennis Nicholas, is a prisoner in the custody of the Colorado Department of Corrections at the Limon Correctional Facility in Limon, Colorado. Plaintiff initiated this action on December 27, 2013, by filing numerous documents including an "Emergency Prisoner Complaint" (ECF No. 1), Prisoner's Motion and

Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3), "Memorandum" (ECF No. 4), "Preliminary Injunction" (ECF No. 5), "Medical - Emergency!!!!" (ECF No. 6), "Motion for Appointment of Counsel" (ECF No. 7), and "Medical File Copy" (ECF No. 8). In response to an order directing Plaintiff to cure deficiencies, Mr. Nicholas submitted a Complaint (ECF No. 19) and Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 20) on March 28, 2014. Plaintiff was granted leave to proceed pursuant to 28 U.S.C. § 1915.

On April 10, 2014, United States Magistrate Judge Boyd N. Boland reviewed the Complaint (ECF No. 19), determined that it was deficient, and entered an order directing Mr. Nicholas to file an amended prisoner complaint within thirty days. In the April 10 order, the Court explained that the Complaint did not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The Court found that the Complaint was prolix, vague, and unintelligible, and that Mr. Nicholas failed to provide a short and plain statement of his claims showing that he is entitled to relief. The Court also found that Mr. Nicholas failed to allege the personal participation of each named Defendant in a violation of his constitutional rights. Finally, the Court advised Mr. Nicholas that the Complaint did not comply with Rule 10.1 of the Local Rules of Practice for this Court. (*See* ECF No. 23).

The Court afforded Mr. Nicholas the opportunity to cure the deficiencies in his Complaint by submitting, within thirty days, an amended prisoner complaint that asserts claims clearly and concisely in compliance with Rule 8 and alleges specific facts that demonstrate how each named defendant personally participated in the asserted constitutional violations. Mr. Nicholas was warned that if he failed to file an amended

prisoner complaint that complied with the April 10 order within the time allowed, the Court may dismiss some of the claims and defendants or the entire action without further notice for the reasons discussed in the order.  (*See* ECF No. 23).

On May 12, 2014, Mr. Nicholas requested an extension of time to file his amended prisoner complaint, which the Court granted in a minute order  (*See* ECF Nos. 24, 25).  Mr. Nicholas, however, did not file an amended complaint by the court-ordered deadline.  Instead, Mr. Nicholas filed a Petition for Mandamus in the United States Court of Appeals for the Tenth Circuit.  (*See* ECF Nos. 26 and 27).  In the Petition, Mr. Nicholas asks the Tenth Circuit to order this District Court "to rule on the Prisoners Complaint § 1983" pursuant to "the mandates of liberal pleadings."  (ECF No. 26).  Absent a stay, the filing of a petition for mandamus does not divest the district court of jurisdiction.  *See Moore v. Busby,* 92 Fed. Appx. 699, 702 (10th Cir. 2004) (unpublished); *Woodson v. Surgitek, Inc.,* 57 F.3d 1406, 1416 (5th Cir. 1995).  Mr. Nicholas has not sought a stay of proceedings.  The Court, therefore, proceeds in the instant action.

Mr. Nicholas has failed to file an amended prisoner complaint by the court-ordered deadline.  In addition, the most recently filed Complaint (ECF No. 19) fails to comply with Fed.R.Civ.P. 8, as discussed in the April 10, 2014 Order Directing Plaintiff to File an Amended Complaint.  Based on the reasons set forth in the April 10 order, the Court finds that the Prisoner Complaint (ECF No. 19) fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion.  *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of*

*Richmond*, 417 F.2d 426, 431 (9th Cir. 1969).   Accordingly, the Complaint and the action will be dismissed without prejudice for failure to comply with Rule 8 and for failure to comply with the Court's April 10 Order.

In addition, on December 27, 2013, Mr. Nicholas filed a document entitled "Preliminary Injunction" (ECF No. 5) in which he requests that the Court issue an order to show cause why a preliminary injunction should not issue that (1) orders a second medical opinion independent from the Department of Corrections; (2) orders "no retaliation writ-ups claimed in the complaint;" and (3) prevents "transfers to stall or avoid the opperation [sic]". (*Id.*).  Again, the Court construes the document liberally because Mr. Nicholas is not represented by an attorney.  *See Haines,* 404 U.S. at 520-21; *Hall,* 935 F.2d at 1110.

A party seeking a preliminary injunction must show a substantial likelihood of prevailing on the merits; that he will suffer irreparable injury unless the injunction issues; that the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; and that the injunction, if issued, would not be adverse to the public interest.  *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980).  Similarly, a temporary restraining order is appropriate only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."  Fed. R. Civ. P. 65(b)(1)(A).  A preliminary injunction is an extraordinary remedy and "the primary goal of a preliminary injunction is to preserve the pre-trial status quo." *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009).  Therefore, "courts should be especially cautious when granting an injunction that requires the nonmoving party to take

affirmative action - a mandatory preliminary injunction - before a trial on the merits occurs." *Id.* Because Mr. Nicholas is seeking a mandatory preliminary injunction that seeks to alter the status quo, he must make a heightened showing of the four factors listed above. *See id.* at 1209.

Mr. Nicholas has failed to demonstrate, clearly and unequivocally, that he is entitled to issuance of either a preliminary injunction or a temporary restraining order. For one thing, Mr. Nicholas has not filed an amended prisoner complaint in this action that provides a short and plain statement of the claims for relief he intends to pursue and that alleges the personal participation of each named Defendant. More importantly, Mr. Nicholas fails to demonstrate a substantial likelihood of prevailing on the merits; that he will suffer immediate and irreparable injury if no preliminary injunction is issued; that his threatened injuries outweigh whatever damage the proposed injunction may cause the opposing party; or that a preliminary injunction would not be adverse to the public interest. For these reasons, the motion for a preliminary injunction (ECF No. 5) will be denied.

Finally, the Court certifies pursuant to § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Nicholas files a notice of appeal he also must pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the Complaint (ECF No. 19) and the action are dismissed

without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure of Plaintiff, Clifford Dennis Nicholas, to comply with the April 10, 2014 Order Directing Plaintiff to File an Amended Complaint (ECF No. 23) and for failure to file a pleading that complies with Fed.R.Civ.P. 8.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  It is

FURTHER ORDERED that the Motion for Preliminary Inunction (ECF No. 5) is denied.  It is

FURTHER ORDERED that any other pending motions are denied as moot.

DATED at Denver, Colorado, this  20th  day of   June  , 2014.

BY THE COURT:

 s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court